## IN THE COURT OF COMMON PLEAS
## BELMONT COUNTY, OHIO

**JESSIE L. BODIFORD**
105 Chestnut Street
Powhatan Point, OH 43942

Case No. 20 CV 254

Plaintiff,

Judge: John A. Vavra

-vs-

**JOHN VEDIS**
393 Washington Road
Waynesburg, PA 15370

**BLUEWATER, INCORPORATED**
1020 North McKean Street
Kittanning, PA 16201

**COMPLAINT FOR PERSONAL INJURY**

**SUN ENERGY SERVICES, LLC d/b/a DEEP WELL SERVICES**
307 West New Castle Street
Zelienople, PA 16063

**JURY TRIAL DEMANDED**

**NORFOLK SOUTHERN RAILWAY COMPANY**
1200 Peachtree Street, NE
Atlanta, GA 30309

Defendants.

State of Ohio
Belmont County
Cynthia L. Fregiato, Clerk of Courts, do hereby certify that the above is a true and correct copy of the original on file in this office.
Cynthia L. Fregiato, Clerk of Courts
By _____ Deputy

1

## COMPLAINT

**NOW COMES** Plaintiffs, Jessie Bodiford, by and through counsel, Paul J. Ratcliffe, Esq., of Zavolta Law Office, and for his causes of action against the Defendants, John Vedis, Bluewater Incorporated, Sun Energy Services, LLC d/b/a Deep Well Services, and Norfolk Southern Railway Company, state and allege, as follows to-wit:

### General Allegations, Jurisdiction, and Venue

1. Plaintiff Jessie Bodiford (hereinafter referred to as "Plaintiff Bodiford"") is an adult individual and resident of 105 Chestnut Street, Powhatan Point, Ohio 43942.

2. Based upon available information and belief provided as part of a legal investigation into this incident, Defendant John Vedis (hereinafter referred to as "Defendant Vedis") is an adult individual and resident of 393 Washington Road, Waynesburg, PA 15370.

3. Based upon available information and belief, Defendant Bluewater, Incorporated (hereinafter referred to as "Defendant Bluewater") is a foreign corporation organized under the laws of the State of Pennsylvania, operating and or doing business as an oilfield and energy service company / provider, providing transportation and or delivery for / of oilfield type equipment, including, but not limited to, power generators, fracking equipment, water tanks, chemical solution tanks, and other oilfield type mechanisms and equipment throughout the northeast portion of the United States, including the State of Ohio, thereby purposefully availing itself to the laws, privileges, benefits, and protections of the State of Ohio.

4. Based upon available information and belief and provided by the Secretary of State, Defendant Bluewater lists a principal place of business and or address of 1020 North McKean Street, Kittanning, Pennsylvania 16201 and designates a Notice of Process Agent of c/o Cory J. Atwood, 422 Pine Hill Road, Kittanning, Pennsylvania 16201.

5. Based upon available information and belief, Defendant Sun Energy Services d/b/a Deep Well Services (hereinafter referred to as "Defendant Sun Energy") is a foreign corporation organized under the laws of the State of Delaware and is an oil-field service company specializing in, including, but not limited to, oilfield and natural gas drilling / fracking and oil well-pad installation throughout various states, including, but not strictly limited to, Ohio, New York, Pennsylvania, and West Virginia, thereby purposefully availing itself to the laws, privileges, benefits, and protections of the State of Ohio.

6. Based upon available information and belief and provided by the Secretary of State, Defendant Sun Energy Services lists a principal place of business and or address of 719 W. New Castle Street, Zelienople, Pennsylvania 16063 and designates a Notice of Process Agent of c/o Corporation Service Company, 2595 Interstate Drive, Ste. 103, Harrisburg, Pennsylvania 17110.

7. Based upon available information and belief, Defendant Sun Energy additionally does business as Deep Well Services, and is a foreign corporation organized under the laws of the State of Pennsylvania, specializing in, including, but not limited to, oilfield and natural gas drilling / fracking and oil well-pad installation and or other gas / oil related work throughout Ohio, New York, Pennsylvania, and West

3

Virginia, thereby purposefully availing itself to the laws, privileges, and protections of the State of Ohio.

8. Based upon available information and belief and provided by the Secretary of State, Deep Well Services lists a principal place of business and or address of 307 West New Castle Street, Zelienople, Pennsylvania 16063 and designates a Notice of Process Agent of Sun Energy Services, LLC, 719 W. New Castle Street, Zelienople, Pennsylvania 16063.

9. Based upon available information and belief, Defendant Norfolk Southern Railway Company (hereinafter referred to as "Defendant Norfolk"), is a foreign corporation organized under the laws under the State of Virginia and markets itself as one of the nation's premier railroad transportation companies of, including, but not limited to, industrial products, chemicals, agriculture, metals, coal, automobiles, and automotive parts and maintains, repairs, and operates 19,500 route miles of railroad tracks, bridges, and railway crossings in 22 states, including the State of Ohio, thereby purposefully availing itself to the laws, privileges, benefits, and protections of the State of Ohio.

10. Based upon available information and belief, Defendant Norfolk is now headquartered in Atlanta, Georgia with an address of 1200 Peachtree Street NE, Atlanta, Georgia 30309, and lists with the Ohio Secretary of State a Notice of Process Address Agent of c/o Corporation Service Company, 50 West Broad Street, Ste. 1330, Columbus, Ohio 43215.

11. At all times material and relevant herein, Plaintiff Bodiford was a safety restrained driver of a 1999 Chevrolet Monte Carlo motor vehicle with applicable Ohio

4

liability automobile insurance coverage in place through Geico Insurance Company with a policy number of 4329118501.

12. At all times material and relevant herein, Defendant Vedis was operating a 2020 Peterbilt Tractor within his active course and scope of employment with Defendant Bluewater, with applicable insurance coverage in place through National Liability and Fire, a subsidiary of Berkshire Hathaway, with a policy number of 73TRB002947.

13. At all times material and relevant herein, Defendant Sun Energy was the owner and or lessee of a 2019 Atoka trailer that Defendant Vedis was utilizing and or operating within his active course and scope of employment with Defendant Bluewater and with Defendant Sun Energy's implied permission, consent, contract, joint business purpose, and or consent, to transport / move oil and or natural gas and or other heavy equipment for gas / oil industry purposes, with a Vin Number of 1A9L85344KA245192 and Pennsylvania license plate number PT927G8.

14. Defendant Bluewater and or Defendant Sun Energy consistent with Ohio laws had applicable liability insurance in place for said Atoka Trailer.

15. At all times material and relevant herein, Defendant Norfolk Southern was the owner / operator / possessor of a strip and or section of railway and or railroad, running over a railway bridge, spanning across State Route 7 in or near Powhatan Point, Ohio, near the area known as Captina Creek.

16. The jurisdiction and venue is proper in this Court pursuant to Ohio Rule of Civil Procedure 3(C)(3) as this incident occurred in Belmont County, Ohio.

## First Cause of Action
### (Negligence Against John Vedis, Bluewater, and Sun Energy)

17. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully restated herein.

18. Plaintiff Bodiford at all times material and relevant herein was without any comparative negligence and or any other wrongful conduct concerning the incident at issue in this litigation as he was lawfully stopped at a temporary traffic red light in a construction zone while operating his 1999 Chevy Monte Carlo motor vehicle.

19. That on or about November 11, 2019, in Powhatan Point, Ohio, on a public roadway known as State Route 7 at the Defendant Norfolk railway bridge near Captina Creek, Defendant Vedis, acting within the course and scope of his employment with Defendant Bluewater and utilizing and or operating a Defendant Sun Energy trailer to haul and or move oil and or natural gas related equipment, recklessly, willfully, wantonly, carelessly, negligently, and or gross negligently operated a 2020 Peterbilt Tractor and 2019 Akota trailer in such a manner and with such great force as to cause a substantial, life-altering, and horrific incident, wherein the tractor and or trailer and load being hauled, dislodged, and or disengaged an unsafe and unsecured yellow "sacrificial" beam resting on top of Defendant Norfolk's railway bridge while maneuvering his motor vehicle underneath the same, causing the beam to dislodge and fall on top of crushing Plaintiff Jessie Bodiford's 1999 Chevrolet Monte Carlo motor vehicle, entrapping him inside said vehicle. **(See Exhibit A – Photograph).**

20. At all times material and relevant herein, Defendant Vedis was operating said 2020 Peterbilt Tractor to move, transport, and or haul, oilfield and or natural gas /

6

oil related equipment while utilizing and or operating a Defendant Sun Energy Services 2019 Atoka Trailer to facilitate the same.

21. At all times material and relevant herein, Defendant Bluewater, Defendant Vedis, and or Defendant Sun Energy had an oversized load permit with the State of Ohio, permit number OH190282712 for said 2020 Peterbilt Tractor and or 2019 Akota Trailer, that restricted Defendant Vedis to operate said tractor and or trailer on Ohio State Route 148 only, and did not permit the driver to operate and or drive the Tractor and or trailer underneath the Defendant Norfolk train bridge spanning across Route 7 near Captina Creek. **(See Exhibit B – Accident Report Page 8).**

22. At all times material and relevant herein, Defendant Vedis, operating the 2020 Peterbilt Tractor and or 2019 Atoka trailer was within his active course and scope of employment with Defendant Bluewater, armed with actual advanced and or constructive notice and knowledge that the load permit only allowed him to operate said Tractor and or trailer on Ohio State Route 148, willfully, wantonly, recklessly, and or negligently, gross negligently operated and or drove the Defendant Bluewater tractor and Defendant Sun Energy trailer underneath the Defendant Norfolk railway bridge spanning Route 7 near Captina Creek, and as aforesaid indicated, disengaged the sacrificial beam, causing it to violently crash through the roof and entrap Plaintiff Bodiford in his 1999 Chevy Montecarlo motor vehicle. **(See Exhibit A – Photograph).**

23. At all times material and relevant herein, Defendant Vedis, despite having advanced actual notice and knowledge that he had caused the yellow "sacrificial" beam, to disengage failed to / bring to a halt his 2020 Peterbilt tractor continuing to operate his motor vehicle for an additional extended duration, thereby leaving the scene of the

7

accident that caused both severe and devastating physical injuries and property damages and other losses.

24. At all times material and relevant herein, Defendant Vedis continued to operate the 2020 Peterbilt tractor for in excess of half of a mile north on State Route 7 until he was ultimately pulled over by law enforcement near the Powhatan, Ohio Marathon gas station.

25. At all times material and relevant herein, Plaintiff Bodiford was directly and proximately caused to be entrapped in his 1999 Chevy Montecarlo motor vehicle with the yellow "sacrificial" beam crushing the roof, component parts, and hood of his car.

26. Ohio West Virginia Excavating's employees, agents, and or representatives actively working on another state owned bridge in a construction zone near the incident site hurriedly operated a skid steer from the job site, and removed and or lifted the yellow "sacrificial" beam off of Plaintiff Bodiford's crushed 1999 Chevy Monte Carlo, ultimately saving Plaintiff Bodiford's life.

27. Plaintiff Jessie Bodiford was proximately caused to require emergency air life flight from an adjacent field near the accident location to Ruby Memorial Hospital in Morgantown, West Virginia as a result of his life threatening and post traumatic injuries, which will be hereinafter set forth.

28. That investigating law enforcement officers, Officers Stanley Bittinger and Scott Bayless of the Ohio State Highway Patrol determined after a thorough and complete investigation that Defendant Vedis operated the 2020 Peterbilt tractor and 2019 Atoka trailer in violation of applicable law and cited Defendant Vedis for the same

in the Ohio Department of Public Safety Traffic Crash Report, report number 07-1061-07. **(See Exhibit B – Accident Report).**

29. Defendant Vedis, while acting within his course and scope of employment with Defendant Bluewater while utilizing and or operating a Defendant Sun Energy trailer to transport and or move oil and or natural gas equipment, at the time of the motor vehicle accident at issue, was negligent, or reckless, willful, and or wanton, by acts and or omissions, breaching duties owed to Plaintiff Bodiford, and causing him serious injuries, damages, and losses as are hereinafter set forth.

30. Defendant Vedis, acting within his course and scope of employment with Defendant Bluewater while utilizing and or operating a Defendant Sun Energy trailer to move oil and or natural gas equipment, as alleged hereinbefore, was willful, wanton, reckless, negligent, and or grossly negligent toward Plaintiff Bodiford, in one or more of the following areas, among others in the operation of said motor vehicle, including violating the Motor Vehicle Code, safety laws and other laws of the State of Ohio, including, but not to be strictly limited to:

    A. Failure to maintain control of his vehicle;

    B. Failure to exercise due care generally in the operation of said motor vehicle;

    C. Failure to operate said motor vehicle in a manner suited to the roadway;

    D. Failure to observe the traffic which was lawfully on the roadway;

    E. Failure to keep a safe lookout;

    F. Failure to operate said motor vehicle in accordance with existing traffic conditions;

G. Operating said motor vehicle at excessive and an unsafe speed for existing roadway conditions;

H. Following too closely;

I. Failure to yield the right of way;

J. Failure to maintain proper speed for existing roadway conditions;

K. Failure to keep in the proper lane;

L. Violating the Statutes of the State of Ohio and local ordinances;

M. Failure to apply the brakes of the motor vehicle in time to avoid the collision;

N. Other acts and omissions.

31. As a direct and proximate result of the willful, wanton, reckless acts or omissions, and / or careless and negligent acts and omissions by Defendant Vedis, Defendant Bluewater, and Defendant Sun Energy, Plaintiff Bodiford was proximately caused to be injured and damaged as hereinafter set forth.

## Second Cause of Action
**(Joint Venture of Defendant Bluewater and Defendant Sun Energy Services)**

32. Plaintiff hereby incorporate by reference all paragraphs of this Complaint as if fully restated herein.

33. Defendant Bluewater and Defendant Sun Energy at all times material and relevant herein had an express and or implied agreement to facilitate the pickup, delivery, and transport of oil / gas heavy equipment.

34. Defendant Bluewater and Defendant Sun Energy at all times material and relevant herein were actively involved in the gas / oil industry.

10

35. Defendant Sun Energy agreed to provide Defendant Bluewater a trailer owned and or leased by Defendant Sun Energy to facilitate the transport of gas / oil heavy equipment.

36. Defendant Bluewater in return for the use of Defendant Sun Energy's trailer agreed to provide a driver and a tractor to pull and or transport Defendant Sun Energy's trailer.

37. Defendant Bluewater and Defendant Sun Energy agreed to provide and utilize their joint resources to facilitate the loading and transport of gas / oil heavy equipment to an unknown location.

38. At all times material and relevant herein, Defendant Bluewater and Defendant Sun Energy both were actively involved in the gas / oil industry for profit.

39. Defendant Bluewater and Defendant Sun Energy were both armed with express and or implied authority concerning their respective resources and duties and thereby were armed with the right to direct movement and or transport of oil / gas heavy equipment for business purposes.

40. Defendant Bluewater and Defendant Sun Energy agreed, expressly and or impliedly, to share in costs, expenses, profits, and losses concerning the gas / oil venture.

41. Defendant Bluewater and Defendant Sun Energy are jointly and severally liable for the injuries, damages, and losses that Plaintiff Bodiford was caused to incur as a result of Defendant Vedis' willful, wanton, reckless, negligent, gross negligent, and or negligent conduct while he was within his active course and scope of employment with

Defendant Bluewater while hauling and or transporting heavy equipment for business purposes and benefits of Defendant Bluewater and or Defendant Sun Energy.

## Third Cause of Action
### (Negligence Against Norfolk Southern)

42. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully restated herein.

43. Defendant Norfolk at all times material and relevant herein, by and through Defendant Norfolk's employees, agents, representatives, and or independent contractors purchased and installed two sacrificial beams to protect Defendant Norfolk's railroad bridge running over Ohio Route 7 near Captina Creek in Powhatan Point, Ohio.

44. Defendant Norfolk prior to purchasing and installing the sacrificial beams had actual advanced knowledge and notice that tractor trailers and their hauling and transport of heavy equipment, including, but not to be strictly limited to, gas / oil heavy equipment were striking and impacting the Defendant Norfolk railroad bridge structure.

45. Defendant Norfolk at all times material and relevant herein, owned, operated, and or maintained, and thereby was responsible for the repair, care, and maintenance of the railroad bridge located above Ohio Route 7 near Captina Creek, Powhatan Point, Ohio.

46. Defendant Norfolk at all times material and relevant herein was responsible for repair, care, and maintenance of the two sacrificial beams installed to protect Defendant Norfolk's railway bridge.

47. Defendant Norfolk at all times material and relevant herein had actual knowledge and notice and or constructive notice and knowledge that the two sacrificial beams construction materials, make up, composition, weight, and forces, elevated and

12

positioned in excess of thirteen feet above pedestrians and automobile traffic, posed serious risks and dangers if not properly secured and or maintained.

48. That prior to the date of incident at issue, on or about December 6, 2018, a tractor and trailer hauling equipment struck the opposite side **yellow "sacrificial beam,"** of Defendant Norfolk's railway bridge spanning Route 7 near Captina Creek causing it to fall on top of an oversized load and eventually to the roadway ground. **(See Exhibit C – WTOV 9 Webpage).**

49. Defendant Norfolk by and through its employees, agents, representatives, and or independent contractors promptly removed this southern most sacrificial beam from the railroad bridge located above Ohio Route 7 near Captina Creek, Powhatan Point, Ohio.

50. That from December 6, 2018, through November 11, 2019, the date of the incident at issue, and continuing unabated to the present date of this filing, the yellow "sacrificial" beam at issue located on the opposite side of Defendant Norfolk's railway bridge spanning Route 7 near Captina Creek, was never replaced, repaired, maintained nor reinstalled properly onto the railway bridge span at issue and remained laying off to the side adjacent to Ohio Route 7 near Powhatan Point.

51. That Defendant Norfolk owed a duty to all motorists, individuals, automobiles, tractor trailers, and any and all other motor vehicles and or motorists to promptly, safely, and adequately repair, maintain, and replace the yellow sacrificial beam warning that had been knocked down on or about December 6, 2018 and to adequately and safely alert any and all previously described motorists of the low

13

clearance height and or level regarding Defendant Norfolk's railway bridge spanning Route 7 near Captina Creek.

52. That on or about November 11, 2019, Defendant Vedis, acting within the course and scope of his employment with Defendant Bluewater while utilizing and or operating a Defendant Sun Energy trailer to transport oil and or natural gas equipment, as previously indicated, operated said 2020 Peterbuilt Tractor and accompanying 2019 Atoka trailer in the northbound direction of Route 7 underneath Defendant Norfolk's railway bridge spanning Route 7 near Captina Creek.

53. At all times material and relevant herein, Defendant Vedis, acting within his course and scope of employment with Defendant Bluewater while utilizing and or operating a Defendant Sun Energy trailer to move oil and or natural gas equipment, operated his tractor and trailer, safely passing under the section of the railway bridge with the removed south sacrificial beam on Defendant Norfolk's railway bridge on State Route 7 near Captina Creek in Powhatan Point, Ohio.

54. At all times material and relevant herein, Defendant Vedis, acting within his course and scope of employment with Defendant Bluewater while utilizing and or operating a Defendant Sun Energy trailer to move oil and or natural gas equipment, operated his motor vehicle and or tractor and trailer, striking the unsecured **north side yellow sacrificial beam** on Defendant Norfolk's railway bridge on State Route 7 near Captina Creek in Powhatan Point, Ohio, causing the same to ultimately dislodge and crash onto Plaintiff Bodiford's automobile, thereby causing him serious and life altering injuries, damages, and losses, which are hereinafter set forth.

55. On and prior to the November 11, 2019 incident, Defendant Norfolk and/or its employees, agents, and or representatives had actual and or constructive notice and knowledge that the railway bridge sacrificial beam spanning across Route 7 near Captina Creek was defective, dangerous, hazardous, unsafe, and presented unsafe conditions to any and all motorists and that there was a substantial risk that due to the **other / south beam** not being secured, the yellow sacrificial beam at issue would fall to the ground.

56. Defendant Norfolk's rules, policies, procedures, and or industry standards required the sacrificial protection beams to be anchored, and or secured so that the same did not and could not fall to the ground and or roadway surface.

57. At all times material and relevant herein, industry standards, rules, policies, and procedures, require railroad companies to have the sacrificial beams anchored and secured, so that the same cannot fall to the ground and or roadway surface.

58. Defendant Norfolk owed Plaintiff Bodiford a duty to see that the sacrificial railroad bridge protection beams were properly and safely anchored and secured, so as to not fall to the ground and or roadway and cause serious injuries, damages, and losses.

59. As a direct and proximate result of Defendant Norfolk and/or its agents, employees and representatives, willful, wanton, reckless, grossly negligent, and or negligent acts, or omissions and or failing to maintain, repair, replace, secure and or remediate the railway bridge's protective sacrificial beam spanning over Route 7 near Captina Creek prior to the November 11, 2019 incident at issue, Plaintiff Bodiford was

15

directly and proximately caused to sustain serious, life altering and permanent compensable injuries and damages as hereinafter set forth.

### Fourth Cause of Action
### (Injuries to Plaintiff Bodiford)

60. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully restated herein.

61. As a further direct and proximate result of the acts, omissions, and violations of the law by Defendants as aforesaid, Plaintiff Bodiford has been prevented from carrying out the duties and responsibilities of his life, including, but not limited to, performing household services; in an undetermined amount and additionally he has suffered past loss wages and lost earning capacity and future earning capacity, and he will continue to lose wages in the future, and he has suffered a diminution in his ability and capacity to work, earn money and enjoy a normal life.

62. As a direct and proximate result of the willful, wanton, reckless, and / or negligent acts and / or omissions, and / or other violations of law by Defendants, Plaintiff Bodiford was proximately caused to suffer, including, but not limited to, a post-traumatic main artery rupture and a bleed to the brain, multiple facial fractures and fractures to his lumbar, cervical, and thoracic spine and ribs, and as previously stated, was required to be emergency life-flighted from the scene of the incident to Ruby Memorial Hospital in Morgantown, West Virginia.

63. As a direct and proximate result of the willful, wanton, reckless, and / or negligent acts and / or omissions, and / or other violations of law by Defendants, Plaintiff Bodiford was proximately caused to be injured to the following, but not to be strictly limited to, areas of his body: in and about his head, neck, back, shoulders, extremities, body

chemistry, psyche, muscles, tissues, fascia, and other body parts and injuries, both internally and externally, and inasmuch as all or part of his injuries are permanent and lasting in nature, Plaintiff Bodiford has and will in the future suffer great pain of body and mind.

64. As a further direct and proximate result of the reckless, and / or negligent acts and / or omissions and / or others violations of law by Defendants, Plaintiff Bodiford was proximately caused to incur divers and sundry expenses for medical care and treatment to date in an amount undetermined, and inasmuch as all or part of Plaintiff Bodiford's injuries are permanent and lasting in nature, he has and will in the future suffer divers and sundry expenses for medical care and attention in an effort to treat, manage and / or effect a cure for his injuries and causally related symptomologies; Plaintiff Bodiford has suffered a diminution in his ability and capacity to care for himself and enjoy a normal life; Plaintiff Bodiford has additionally sustained future loss of earning capacity; and all of which will continue into the future.

65. As a further direct and proximate result of the reckless, and / or negligent acts and / or omission, and / or other violations of law by Defendants, Plaintiff Bodiford has been prevented from carrying out the duties and responsibilities of his life; Plaintiff Bodiford has been prevented from leading his life socially and recreationally as he had prior to this accident; Plaintiff Bodiford's permanent injuries have adversely affected his ability to enjoy the ordinary functions of life, together with the capability to function as a whole person; and all of which will continue into the future.

66. Plaintiff Jessie Bodiford was proximately caused to suffer property damages and their related recoverable losses in addition to the damages to his vehicle,

including, but not to be strictly limited to: annoyance, inconvenience, diminution in value, continued and/or prolonged loss of use, aggravation, emotional upset, mental anguish, and embarrassment.

67. The acts and omissions of Defendants and/or their agents, employees and representatives, as described in each count of this Complaint were done with actual and specific intent and/or all other reasons of law and public policy for an award of punitive or exemplary damages and Plaintiffs were wrongfully injured as a direct and proximate result of Defendants aforesaid actual and specific conduct which caused Plaintiffs to suffer all of the injuries and damages hereinafter set forth for which Defendants should be required to respond in punitive damages.

**WHEREFORE**, Plaintiff Jessie Bodiford demands judgment against Defendants John Vedis, Bluewater Incorporated, Sun Energy Services d/b/a Deepwell Services and Norfolk Southern Railway Company in an amount in excess of twenty five thousand dollars ($25,000.00) as compensatory damages, plus pre and post-judgement interest and costs, punitive damages, and such further relief as a court or jury may find; and Plaintiff further demands interest and costs incurred in and about the prosecution of this action and for such other relief as a court or jury may find. The minimum jurisdictional amount for filing this action has been satisfied.

<u>**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**</u>

Respectfully submitted,
Plaintiff Jessie Bodiford

By: _____

**Plaintiff's Counsel**
Paul J. Ratcliffe (OH Bar ID #99215)

**ZAVOLTA LAW OFFICE**
1287 Fairmont Pike Road
Wheeling, WV 26003
Telephone: (304) 905-8073
Facsimile : (304) 905-8992
Email: Paul@ZavoltaLaw.Net